IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CR. NO. 2:05cr037-A |
| ERIC WALTER HOWARD | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #52), recommending that the Defendant's Motion to Suppress be denied, together with Defendant's Objections thereto (Doc. #54).

The Magistrate Judge held an evidentiary hearing on the Motion to Suppress, and thereafter entered his recommendation. In accordance with the law of this Circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing, examining the exhibits, and fully considering the objections of the Defendant.[1]

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680, 100 S.Ct. 2406 (1980). It has been noted that "[I]mplicit in *Raddatz* is a recognition that the credibility findings of a magistrate, who personally observed and listened to the testimony of live witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's

---

[1] *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990) ("Thus, although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record. If the magistrate makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings.")

assessment of the evidence." *Blizzard v. Quillen*, 579 F.Supp. 1446, 1449 (D.Del. 1984); <u>see also</u> *Buckley v. McGraw-Hill, Inc.*, 762 F.Supp. 430, 435 (D.N.H. 1991).

After reviewing the record and reading the transcript of the evidentiary hearing, the court makes an independent factual determination and accepts the Magistrate Judge's credibility assessments. The court finds no reason to question the findings of the Magistrate Judge or to order a new evidentiary hearing to take additional evidence. <u>See</u> *United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983), <u>cert. denied</u>, *Wescott v. U.S.*, 463 U.S. 1212, 103 S.Ct. 3548 (1983)[2]; *United States v. Cofield*, 2001WL1422144 (11th Cir. 2001).[3]

Objections 1 and 8

Both of these objections deal with the Defendant's consent to search the vehicle which he was driving, it being the Defendant's contention that his consent was not voluntarily given. This is an issue of fact and, as noted, the court has conducted a *de novo* review of the record with respect to this factual issue (see *Vines v. United States*, 28 F.3d 1123, 1137 (11th Cir. 1994)) and does not deem it necessary to hold a new hearing. Having accepted the credibility assessments of the Magistrate Judge, the court agrees with his conclusion that the Defendant voluntarily gave consent to search the vehicle, and this objection is due to be overruled.

---

[2] "If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination." *Id.*

[3] "In *United States v. Raddatz* (citation omitted), the Supreme Court held that a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings."

Objection 2

Howard objects to the finding that there was "arguable probable cause for the traffic stop." The Magistrate Judge did not find "arguable" probable cause; rather, he found that there was probable cause for the stop. Howard suggests that probable cause did not exist to stop him for straddling the lanes because "one or two wheels briefly went over a white line," "Mr. Howard's truck ultimately was changing lanes and passing another vehicle," and "[t]aking wheels over the broken line was part of his proper use of the lane." (Emphasis included). This is misleading. Howard was changing lanes and passing another vehicle at the time the officers were catching up to him to stop him. T. at 12. The officer stopped Howard because he had straddled the lanes for 150-200 yards before he reached the officers' vehicle. T. at 11. These facts show that there was probable cause for the stop.

Objections 3 and 4

These objections are related, in that both refer to alleged violations of the Defendant's right to equal protection.

In paragraph 3 of his objections, Howard objects to the Magistrate Judge's "recommended finding" that the intent of the officer, actual or theoretical, is irrelevant to the determination of whether the traffic stop was valid. Regardless of the language pointed to in the objection, the Magistrate Judge did not recommend denial of Howard's equal protection claim regarding discriminatory application of laws on the basis of intent not being applicable, but reached that conclusion based on his finding that Howard failed to adduce any evidence to support that claim. The court agrees with that conclusion.

3

Howard then objects, on equal protection grounds, to the Magistrate Judge quashing his subpoena for "approximately one year's worth of traffic tickets and citations . . . ." This refers to an order by the Magistrate Judge entered on April 26, 2005, following a hearing on a Motion to Quash filed by the Alabama Department of Public Safety. The Magistrate Judge sustained in part, and denied in part, the Motion to Quash. This issue was not brought to the attention of the District Judge by objection to that order at any time before the evidentiary hearing held nearly three months later, on July 15, 2005. Although the Magistrate Judge denied Howard's request for traffic tickets, he ordered the Department of Public Safety to produce time logs, daily activity logs, and radio activity logs for January 13, 2005, as well as the departmental policies relating to traffic stops and drug interdiction policies. Howard does not explain how the tickets would provide to him any evidentiary basis for his asserted equal protection challenge.

In any event, Howard does not meet the standard necessary for discovery. Any equal protection challenge to selective enforcement or prosecution must be based on racial discrimination or some other protected characteristic. In *United Sates v. Armstrong*, 517 U.S. 456 (1996), the Supreme Court defined the showing necessary for a defendant to obtain discovery on a selective prosecution claim. *Id.* at 465. To obtain discovery a defendant must present "some evidence of differential treatment of similarly situated members of other races or protected classes. *United States v. Quinn*, 123 F.3d 1415, 1426 (11th Cir. 1997); *see also Armstrong*, 517 U.S. at 468-69 (requiring "some evidence tending to show the existence of the essential elements" of discriminatory effect and discriminatory intent).

At the argument on the Department's Motion to Quash, Howard's counsel stated as follows:

> What I have at the moment is the inherent astonishment . . . that I have that a state trooper pulls someone over who is not speeding, who is not in a car that has been reported stolen, at 9:30 at night on an Interstate where people are traveling at high speeds - for improper lane usage.

Notwithstanding the denial of Howard's request for other discovery, the Magistrate Judge did state that if Howard adduced any other facts to support his claim, he would reconsider the issue. Howard did not and, even if he had filed a timely objection to the ruling before the evidentiary hearing, under *Armstrong* he was not entitled to the discovery sought. Thus, these objections lack merit.

Objection 5

Defendant objects to the recommended conclusions of the Magistrate Judge that the scope and duration of the traffic stop were not excessive, unreasonable or coercive. The basis of this objection is Howard's contention that any questioning by an officer during a traffic stop unrelated to the purpose of the stop is unlawful. As *United States v. Hernandez,* \_\_\_\_\_ F.3d \_\_\_\_, 2005 WL 1792229 (11th Cir. July 29, 2005), makes clear, however, once an officer develops reasonable suspicion, the officer has a *duty* to investigate. The basis for the officer's suspicion is set out in the Recommendation at 7-8, and the court agrees with the Magistrate Judge's conclusion in that regard. This objection is without merit.

Objection 6

Defendant objects to the Magistrate Judge's acceptance of the officer's subjective conclusion that evidence of "nervousness" and "deception" existed and justified further investigation, and Defendant requests a *de novo* hearing on this issue. As stated previously, the

5

court has carefully examined the record in this case and conducted a *de novo* review, and has determined that a new evidentiary hearing is not necessary.

Howard argues that his mere nervousness is insufficient for reasonable suspicion as a matter of law, and he argues that the video recording shows no sign of nervousness. However, the reasonable suspicion was based on the totality of circumstances, one minor factor of which was nervousness. Unlike *United States v. Perkins*, 348 F.3d 965, 970 (11th Cir. 2003), which concluded that nervousness, repetition of questions, possession of out-of-state license, and inconsistent statements regarding destination were insufficient for reasonable suspicion, Howard was driving without a license an expensive truck which he did not own and further inquiry by the officer found that his license was suspended. Reasonable suspicion existed quite apart from any nervousness on the part of Howard.

With respect to the deception issue, Howard argues that neither the officer, "the government or the Magistrate Judge identify a single response by Mr. Howard which was inaccurate." The officer gave his opinion about Howard's position regarding his responsibility for what was in the truck.

> What – basically, when Mr. Howard said no, I'm not responsible for everything in the truck, I'm just trying to drive the truck, to me, that shows that he's trying to distance himself from that truck, that he knows there's something illegal in that truck and that he don't want to be caught with it or charged with it. That's what it shows me.

Transcript at 112.

Howard argues that this type of "gut feeling" is insufficient to establish reasonable suspicion, and on that score he is probably correct. However, Howard's approach is patently

wrong. He is isolating each component of the totality of the facts and attacking them separately as if each were the only fact supporting the finding of reasonable suspicion.

In the final analysis, the officers ought to rely on their common sense informed by the experience of law enforcement officers. *See United States . Cortez*, 449 U.S. 411, 417-18 (1981). Howard's arguments about nervousness and deception are flawed because nervous, evasive behavior is a pertinent factor, along with others, in determining reasonable suspicion. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000); *United States v. Brignoni-Ponce*, 422 U.S. 873, 885 (1975); *Florida v. Rodriguez*, 469 U.S. 1, 6 (1984). This objection is due to be overruled.

Objection 7

Howard objects to what he characterizes as a finding that he "presented no evidence of the duration of other traffic stops, and thus failed to establish that this traffic stop as excessive." This is an incorrect characterization of the conclusion in the Recommendation that "Howard presented no evidence about the other traffic stops which would enable the court to make a valid comparison." Recommendation at 10. Howard did present evidence taken from the logs about the length of other traffic stops. However, the court must be concerned about "valid comparison." Mere comparisons about the length of different traffic stops is insufficient to demonstrate that the stop of Howard was longer than other, *similar*, traffic stops. In other words, Howard has failed to demonstrate that he was subjected to a traffic stop which was longer than the traffic stops of other, similarly situated traffic law violators.

Objection 9

Defendant objects to "the omission of any finding on his argument that the use of the crowbar during the search exceeded the scope of the consent to the search of the truck." Howard contends that this issue was raised in his Motion to Suppress, paragraph 18c and is supported by the facts presented at the evidentiary hearing.

Paragraph 18c of the Motion to Suppress, while making the general contention that the search exceeded the scope of consent, made no reference to use of a crowbar. The Defendant has failed to cite the court to any part of the record which made this argument, and has made no attempt to brief how use of a crowbar would compel the conclusion sought by the Defendant. The closest the court has found to this matter in reviewing the record is defense counsel's statement on page 132 of the transcript as follows: "In addition, your Honor, one last point, which is another ground, is that breaking open a compartment in a car obviously exceeds any reasonable understanding of consent to search. That's a separate, second ground." No further mention was made of that during argument, no argument regarding that was included in any brief filed with the Magistrate Judge in support of the motion, and no cases are cited or argument made in this regard in Defendant's objection 9. It is easy to see why the Magistrate Judge made no finding that the use of a crowbar during the search exceeded the scope of consent. The court has considered that, however, and finds that nothing in the record compels a conclusion that the scope of consent to search the truck was exceeded by the use of a crowbar during the search. This objection is due to be overruled.

<u>Conclusion</u>

For the reasons stated above, and the court having accepted the Magistrate Judge's factual findings after a *de novo* review of the record, the court independently agrees with the Magistrate Judge's legal conclusions as well. The court, therefore, ADOPTS the Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1. Defendant's objections are OVERRULED.

2. Defendant's Motion to Suppress is DENIED.

DONE this 18th day of November, 2005.

 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE